UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GLEN PEACOCK** | **CIVIL ACTION NO. 14-3379-P** |
| **VERSUS** | **JUDGE WALTER** |
| **BURL CAIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights action filed in forma pauperis by pro se plaintiff Glen Peacock ("Plaintiff"), pursuant to 42 U.S.C. §1983. This complaint was received and filed in this court on December 4, 2014. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names Warden Burl Cain, Warden Jerry Goodwin, Major Elro McQuater, and Major Vonner as defendants.

Plaintiff claims that on July 30, 2014, he appeared before the disciplinary court and was found guilty of a Rule 30 violation and was sentenced to extended lock-down. He claims that during the hearing, Major Vonner violated his constitutional rights. He claims he was not allowed to present a defense. He claims he was denied any and all motions including his motions for testing of the evidence, to have the evidence presented, and for the actual test results. Plaintiff claims Major McQuater violated his due process rights. He claims he was biased because he was both the charging and investigating officer. He claims

he passed judgment on an untested evidence sample which he claims was homemade brew. Plaintiff claims he was not allowed to confront the evidence provided by the two confidential informants. He claims there were no written statements or tape recordings of the confidential informants' statements. He claims the disciplinary conviction and sentence are illegal because they were based on false witnesses and reports. He claims that as a result, justice was obstructed. Plaintiff claims that because of his disciplinary board conviction and sentence, he lost between $3000 and $5000 worth of hobby and craft shop items.

Plaintiff also claims his due process rights were violated because his appeal was not answered within 30 days as provided in the prison rule book. He claims the prison rule book is flawed.

Plaintiff claims he was transferred without a hearing from a maximum security prison to a medium/minimum security prison. He claims he is serving a life sentence for a violent crime.

Plaintiff claims he filed two grievances in the administrative remedy procedure which attacked the constitutionality of the administrative remedy procedures. He claims the administrative review procedures are flawed. He claims they do not provide an offender with a legal avenue to correct the problems with the hearing procedures.

Plaintiff claims that during his hearing before the extended lock-down review board, he was denied the right to be heard and the right to confrontation. He claims the board uses boiler plate answers.

Accordingly, Plaintiff seeks to have the disciplinary board reports stricken from his record, to be transferred to the Louisiana State Penitentiary, reinstatement of hobby shop status and privileges, to be returned to the big yard, monetary compensation, punitive damages, attorney fees, injunctive relief, an investigation of this matter, and any and all other appropriate relief.

## LAW AND ANALYSIS

**Due Process in the Disciplinary Process**

In Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. Id. 132 L.Ed.2d at 431. Under the guidance provided by Sandin, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. Madison v. Parker,

104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S.Ct. at 2297.

Plaintiff does not allege that the disciplinary action affected the duration of his sentence or that the disciplinary sentence was atypical of the prison environment. To the contrary, Plaintiff's allegations concern a sentence of extended lock-down, loss of hobby and craft shop privileges, and the extension of his sentence of extended lock-down which are far from "extraordinary." This court finds that under Sandin, Orellana and Madison, a sentence and an extension of an extended lock-down sentence and loss of hobby and craft shop privileges do not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns.

Accordingly, Plaintiff's claims that he was punished without due process of law are without merit and should be dismissed with prejudice as frivolous.

**Classification and Place of Incarceration**

Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in

classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250.

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)).

The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Under Olim and Meachum, Plaintiff has no right to challenge his transfer from the Louisiana State Penitentiary to the David Wade Correctional Center.

Accordingly, Plaintiff's claims regarding his classification and place of incarceration are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**Administrative Remedy Procedure**

Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (W.D. La. 2000); Brown v. Dodson, et al., 863 F. Supp. 284 (W.D. Va. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative

grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231. Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. A prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that the Defendants failed to comply with the prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

Accordingly, these claims regarding the administrative remedy procedure should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 22nd day of July 2015.

Mark L. Hornsby
U.S. Magistrate Judge